UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAKISHA HOWELL,

      Plaintiff,

v.

JACOB STERN, et al.,

      Defendants.

Case No. 1:20-cv-819
JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

### ORDER

This cause comes before the Court on Magistrate Judge Bowman's November 9, 2020, Report and Recommendation ("R&R") (Doc. 4). The R&R recommends the Court dismiss this matter with prejudice for failure to state a claim for relief and certify pursuant to 28 U.S.C. § 1915(a) that an appeal of this Order would not be taken in good faith. Plaintiff Lakisha Howell timely objected (Doc. 5) to the R&R on November 10, 2020.

Under Fed. R. Civ. P. 72(b)(3), district courts review an R&R de novo after a party files a timely objection. This review, however, applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). In response to such an objection, "[t]he district court 'may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.'" *Id.* (quoting Fed. R. Civ. P. 72(b)(3)). However, a general objection "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Boyd v. United States*, No. 1:16-cv-802, 2017 WL 680634, at *1 (S.D. Ohio Feb. 21, 2017). That is, the litigant must identify each issue in the R&R

to which she objects with sufficient clarity that the Court can identify it, or else that issue is deemed waived. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

That being said, here, the petitioner is proceeding pro se. A pro se litigant's pleadings are to be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). At the same time, pro se litigants must still comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

The R&R recommends the Court dismiss this matter for failure to state a claim for relief. (Doc. 4, #19[1]). In her Objection, Howell does not mention the R&R nor respond to any of its findings. (Doc. 5). Rather, Howell broadly describes her injuries and generally asks the Court to reconsider the Magistrate Judge's findings. (*See, e.g., id.* at #21). While the Court is sympathetic to Howell's position, she has offered no issues for the Court to consider here. As a result, the R&R is essentially unobjected.

The Advisory Committee notes to Rule 72(b) of the Federal Rules of Civil Procedure suggest, however, that even when no party objects to an R&R, the Court should still review the R&R for clear error. The Court has done so here, and no clear error is present. The R&R notes that the Complaint does not appear to advance any federal claims. (Doc. 4, #19). Even accounting for the plaintiff's pro se status, and the resulting liberal construction afforded her pleadings, the Court agrees. The plaintiff

---

[1] Refers to PageID#.

tendered her Complaint on one of the Southern District of Ohio's pre-printed form complaints. (Doc. 3). In the jurisdiction portion of the form, she checks the boxes indicating that the basis for jurisdiction is a "civil rights lawsuit" and a lawsuit "arising under" federal law, but in her description of her claims, the Court cannot discern any reference to civil rights law or other federal laws. (*Id.* at #12). Rather, she seems to be asserting solely state law claims. (*Id.* at #13–14). And, compounding the problem, her allegations appear to foreclose any possibility of the matter falling within this Court's diversity jurisdiction.

Given the apparent lack of federal question or diversity jurisdiction, the Magistrate Judge did not commit clear error, or so far as the Court can tell any error, in screening the Complaint. Howell may have a claim, but, based on her telling, it appears to be a claim that must be pursued, if at all, in state court, not federal court.

Accordingly, the Court **ADOPTS** the Report & Recommendation (Doc. 4), albeit with two minor modifications. While the R&R recommends dismissal with prejudice for failure to state a claim, the Court instead **DISMISSES** this matter **WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The Court further **CERTIFIES** pursuant to 28 U.S.C. § 1915(a) that an appeal of this Order would not be taken in good faith and therefore **DENIES** Plaintiff leave to appeal in forma pauperis.

The Court **DIRECTS** the Clerk to enter judgment accordingly and to **TERMINATE** this case on the Court's docket.

**SO ORDERED.**

October 25, 2021
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**